## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | 19-CV-4137-KAM-PK |
| **Plaintiff,** | |
| v. | |
| GARRETT O'ROURKE AND MICHAEL J. BLACK | |
| **Defendants.** | |

## [PROPOSED] STIPULATED PRELIMINARY INJUNCTION ORDER AS TO DEFENDANT GARRETT M. O'ROURKE

On July 17, 2019, Plaintiff, the United States Securities and Exchange Commission (the "Commission"), filed an Application for an Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief (the "Application") (Dkt. No. 2), seeking certain temporary relief as to Defendants Michael J. Black and Garrett M. O'Rourke (the "Defendants"). Specifically, the Commission moved this Court to: (i) issue a temporary restraining order freezing the Defendants' assets; (ii) temporarily restrain the Defendants from violations of the federal securities laws; (iii) order the Defendants to repatriate assets; (iv) order an accounting of the Defendants' assets; (v) prohibit the Defendants from destroying, altering, or concealing records of any kind; (vi) order the Defendants to show cause, if any, why the requested preliminary injunctions should not be entered; and (vii) authorize service of the papers and any resulting Order by email.

Having entered a temporary restraining order freezing assets and granting other relief on July 17, 2019 (the "TRO") (Dkt. No. 7) against O'Rourke; having authorized service of process by email, which service the Commission made on July 19, 2019 (Dkt. No. 11); and having

ordered a hearing to be held on July 31, 2019 to allow O'Rourke an opportunity to show cause as to why a Preliminary Injunction Order should not be entered;

Having also considered the Application for an Order to Show Cause, Temporary Restraining Order, And Order Freezing Assets and Granting Other Relief filed by the Commission, as well as the complaint, the Commission's memorandum of law in support of its motion, the Declaration of Trevor Donelan dated July 17, 2019 (with attached exhibits), and the Declaration of Eric Forni dated July 17, 2019, the Court finds that the Commission has made a proper showing, as required by Section 20(b) and 20(d)(1) of the Securities Act of 1933 ("Securities Act") and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"), for the relief granted herein, for the following reasons:

1.      It appears from the evidence presented that O'Rourke violated Sections 5(a) and (c) and 17(a)(1) and (3) of the Securities Act, and Section 10(b) of the Exchange Act, and Exchange Act Rules 10b-5(a) and (c), by engaging in a fraudulent and manipulative trading scheme, and that he also violated Section 17(a)(2) of the Securities Act and Section 10(b) of the Exchange Act, and Exchange Act Rule 10b-5(b), by misrepresenting material facts, and omitting to disclose other material facts, to investors in the securities he was promoting.

2.      It appears that an order freezing O'Rourke's' accounts, including but not limited to accounts described in paragraph II below, is necessary to preserve the status quo and to protect this Court's ability to award relief in the form of disgorgement, prejudgment interest, and civil penalties.

3.      It appears that an order prohibiting O'Rourke from destroying, altering, or concealing records of any kind—including documents concerning the allegations in the

complaint or the assets, finances, or business operations of O'Rourke's—is necessary to ensure compliance with the asset freeze imposed and to protect the integrity of this litigation.

4.      There is good cause to require O'Rourke to produce an accounting of his assets so that any disclosed assets can also be secured to prevent their dissipation.

5.      There is good cause to believe that alternative means of service are warranted.

6.      There is also good cause to require O'Rourke to repatriate to the United States and hold frozen in the Court's registry all assets they own that are currently located outside of the United States.

7.      This Court has jurisdiction over the subject matter of this action and over O'Rourke, and venue properly lies in this District.

**NOW THEREFORE,**

## I.

**IT IS ORDERED** that, in addition to the methods of service described in Rule 4(f) of the Federal Rules of Civil Procedure, service of this Order, and the Summons and Complaint, may be made by facsimile, mail, e-mail, delivery by commercial courier, or personally by any employee of the Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be made on any registered agent, officer, or director of O'Rourke's, or by publication.

## II.

**IT IS FURTHER ORDERED**, that:

A.      Except as permitted in Paragraph II.D., O'Rourke and each of his officers, agents, servants, employees and attorneys, and any entities they control directly or indirectly, and those

persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain funds and other assets of O'Rourke's presently held by him, for his direct or indirect benefit, under his direct or indirect control or over which he exercises actual or apparent investment or other authority (including assets held in the name of or for the benefit of O'Rourke, in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement)), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, including, but not limited to, such funds held in the following accounts:

| Institution | Location | Possible Acct Name(s) | Possible Acct No(s) |
|---|---|---|---|
| Fifth Third Bank | United States | Tactical Holdings Corp. | X4671 X4515 X6219 |
| J.P. Morgan Chase | United States | Tactical Holdings Corp. | X2139 X8628 |
| J.P. Morgan Chase | United States | Lion Media Corp. | X8308 |
| J.P. Morgan Chase | United States | DRG America LLC | X3375 |
| Citibank | United States | DRG America LLC | x8657 |
| T.D. Ameritrade | United States | O'Rourke | X6004 X6295 X5182 |
| Lebanon Citizens National Bank (LCNB) | United States | O'Rourke | |
| Philippine National Bank | Philippines | O'Rourke | X6612 |
| WB21 Pte. Ltd. | Singapore | O'Rourke | X1243 X9923 |

B.      Except as permitted in Paragraph II.D., all banks, brokerage, and other financial institutions (including but not limited to those listed in Paragraph II.A) and other persons or entities (including but not limited to payment processors, investors and/or promoters) that receive actual notice of this Order by personal service or otherwise, including via facsimile or

email transmission, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control, of O'Rourke or over which O'Rourke exercises actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen.

      C.     The above Paragraphs II.A and II.B shall immediately cease to apply to any assets located within the United States, including any bank, brokerage or other financial institution account, which becomes subject to any later order entered by any federal court as a result of proceedings which may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent such later order requires the transfer of any asset to the United States government.

      D.     Paragraphs II.A and II.B of this Order are modified as follows:

      1.     O'Rourke purchased a watch from Avi and Co. in New York on July 19, 2019. O'Rourke shall return the watch to Avi and Co. on or before August 10, 2019, and provide written proof that he has returned it and obtained a refund. O'Rourke shall, by August 15, 2019, deposit into the Court's Registry the proceeds of the refund that he receives for that watch.

      2.     O'Rourke may withdraw $350,000 for attorney's fees from the JP Morgan Chase Bank account ending in 8308. This money shall be paid to the IOLTA account of his lawyer, Roland Riopelle. Mr. Riopelle may use $150,000 of that sum to

represent Mr. O'Rourke in both this case and in the case of *United States v. O'Rourke*, 19-mj-466. Mr. Riopelle agrees to hold $200,000 of that sum in escrow. The parties agree that the $200,000 may not be released from escrow until further Order of this Court. The parties' intention is that the $200,000 shall not be expended without the further consent of the Commission.

3. O'Rourke is permitted to spend the following sums for food and basic living expenses for a period of three months: $8,000 during the time period from August 5, to September 5, 2019; $5,000 during the time period from September 5 to October 5, 2019, and $5,000 during the time period from October 5 to November 5, 2019. These expenditures, whether by debit card, ACH transfer, electronic bill pay system, or ATM withdrawal, may be made only from the JP Morgan Chase Bank account ending in 8308.

4. JP Morgan Chase Bank is authorized to release the funds described in Paragraph II.D.3 of this Order on the schedule described there.

5. O'Rourke is hereby authorized to trade the positions in his TD Ameritrade Account 425-886295, by selling covered options against his stock positions to ultimately result in liquidating the positions in that account. O'Rourke is not authorized to withdraw any cash from TD Ameritrade Account 425-886295, however.

6. O'Rourke is hereby ordered to make all reasonable efforts to obtain lawful employment to provide a source of funds for this asset freeze carve-out. O'Rourke is hereby ordered to submit a sworn affidavit to the Commission's counsel on the last day of each month (beginning in September) detailing the

efforts he has made to obtain lawful employment.  If O'Rourke obtains

employment, the parties will confer and submit to this Court suggested

modifications of this Order.

7. The Commission and O'Rourke will confer after three months about the necessity

of future carve-outs and any adjustments to the current carve-out.  On or before

the close of business on October 15, 2019, the parties will submit either a new

proposed Order regarding a living expense allowance for O'Rourke or will each

file memoranda of law, not to exceed 10 pages, and a Proposed Order regarding

the living expense allowance.

## III.

**IT IS HEREBY FURTHER ORDERED** that O'Rourke and each of his officers, agents,

servants, employees and attorneys, and those persons in active concert or participation with him

who receive actual notice of this Order by personal service or otherwise, including via facsimile

or email transmission, or overnight delivery service, and each of them, shall, within five days of

receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit

into the registry of the Court in an interest bearing account, any and all funds or assets that

presently may be located outside of the United States that were obtained in connection with the

improper activities alleged in the Complaint.

## IV.

**IT IS HEREBY ORDERED** that O'Rourke and each of his agents, servants, employees,

attorneys, and other persons in active concert or participation with him who receive actual notice

of this Order by personal service or otherwise (including by fax, email, or overnight delivery

service) are restrained from violating Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and

Rule 10b-5 thereunder [17 C.F.R. §240.10b-5] by, directly or indirectly, through the use of the means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (a) employing any device, scheme or artifice to defraud; (b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or (c) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

## V.

**IT IS FURTHER ORDERED** that O'Rourke and each of his agents, servants, employees, attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are restrained from violating Section 17(a) of the Securities Act [15 U.S.C. §77q(a)] by, directly or indirectly, through the use of any means or instrumentalities of interstate commerce or the mails or of any facility of any national securities exchange, in the offer or sale of any security: (a) employing any device, scheme or artifice to defraud; (b) obtaining any money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or; (c) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## VI.

**IT IS FURTHER ORDERED** that O'Rourke and each of his agents, servants, employees, attorneys, and other persons in active concert or participation with him who receive

actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are restrained from violating Sections 5(a) and (c) of the Securities Act [15 U.S.C. §77e(a), (c)] by, directly or indirectly, (a) making use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell, through the use or medium of a prospectus or otherwise, securities as to which no registration statement has been in effect and for which no exemption from registration has been available; and/or (b) making use of the means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell, through the use or medium of a prospectus or otherwise, securities, including, but not limited to, one or more of the securities identified in the Complaint as to which no registration statement has been filed and for which no exemption from registration has been available.

## VII.

**IT IS FURTHER ORDERED** that O'Rourke and all persons or entities acting at his direction or on his behalf are hereby enjoined and restrained from destroying, altering, concealing, disposing of, transferring custody of, or otherwise interfering with the Commission's access to, any and all documents, books, recordings, computer files, communications and records in the possession, custody, or control of O'Rourke, his agents, officers, employees, servants, accountants, financial or brokerage institutions, or attorneys and that relate to O'Rourke's assets or to the allegations of the complaint.

## VIII.

**IT IS FURTHER ORDERED** that O'Rourke shall submit in writing and serve upon the Commission, within three business days after service of this Order by personal service or

otherwise (including by fax, email, or overnight delivery service), a verified, written accounting signed by O'Rourke, under penalty of perjury, of:

1.      All assets, liabilities, and property currently held, directly or indirectly, by or for the benefit of O'Rourke, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

2.      All money, property, assets, and income received by each such O'Rourke for his direct or indirect benefit from the Black, at any time from June 1, 2016, through the date of such accounting, describing the amount, disposition, and current location of each of the items listed;

3.      The name and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds, or property of O'Rourke's;

4.      All assets, funds, securities and real or personal property invested by each such O'Rourke, or any other person controlled by them, and the disposition of such assets, funds, securities, and real or personal property;

5.      All transfers or payments of any funds or other assets to or from O'Rourke, or to any person or entity for his direct or indirect benefit, subject to his direct or indirect control, over which they exercise actual or apparent authority, or in which he has a direct or indirect beneficial interest, at any time from June 1, 2016, to through the date of such accounting—the identification shall include the date and amount of each transfer or payment, the name and address of the recipient, and, if applicable, the name, address, and account number of any bank, brokerage firm, or other financial institution of the person or entity making and the person or entity receiving the transfer or payment;

6.      The location of any funds or other assets involved in any transfer or payment identified in response to paragraph VIII.5 above that are currently in O'Rourke's possession or held by any person or entity for his direct or indirect benefit, subject to his direct or indirect control, over which he exercises actual or apparent authority, or in which he has a direct or indirect beneficial interest—the identification shall include the name and address of each person or entity holding such funds or other assets, and, if applicable, the name, address, and account number of any bank, brokerage firm, or other financial institution where the funds or other assets are currently held;

7.      The location or other disposition of any funds or other assets involved in any transfer or payment identified in response to paragraph VIII.5 above that are no longer in O'Rourke's possession or held by any person or entity for his direct or indirect benefit, subject to his direct or indirect control, over which he exercises actual or apparent authority, or in which he has a direct or indirect beneficial interest—the identification shall include the name and address of each person or entity currently holding the funds or other assets, the dollar value held by each person or entity, an explanation of when and how each person or entity received the funds or other assets, and, if applicable, the name, address, and account number of any bank, brokerage firm, or other financial institution where the funds or other assets are currently being held.

**IX.**

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission and email, upon any entity or person that may have possession, custody, or control of any documents or assets of O'Rourke's, or that may be subject to any provision of this Order, and that representatives of the Commission are specially appointed by the Court to effect service.

**X.**

  **IT IS FURTHER ORDERED** that this Order shall be, and is, binding on O'Rourke and any of his agents or representatives and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise.

**XI.**

  **IT IS FURTHER ORDERED** that this Order is entered without prejudice to any party's right to present any evidence or argument to the Court and to seek any modification of or relief from any part of this Order. Unless otherwise ordered by the Court, this Order shall remain in effect until entry of a Final Judgment or other final disposition of this action.


Dated: _____


_____
UNITED STATES DISTRICT JUDGE