UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>    v.<br><br>GARRETT O'ROURKE AND<br>MICHAEL J. BLACK,<br><br>                    Defendants. | Case No.: 19-CV-4137 (KAM) |

JOINT MOTION FOR ENTRY OF PROPOSED JUDGMENT
AGAINST DEFENDANT GARRETT O'ROURKE

Plaintiff Securities and Exchange Commission (the "Commission") and defendant Garrett O'Rourke ("O'Rourke") move that this Court enter the attached proposed Judgment as to Defendant O'Rourke ("Judgment"). The Commission and O'Rourke have agreed to the terms in the Judgment. In support of this motion, the parties have also filed the attached Consent signed by O'Rourke, memorializing his agreement to the terms of the Judgment.

The Judgment would enjoin O'Rourke from further violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder, and Sections 5 and 17(a) of the Securities Act of 1933. The Judgment would also impose on O'Rourke a penny stock bar and would find him liable for disgorgement and prejudgment interest in an amount to be determined by the Court on the Commission's motion.

The parties contemplate that the monetary aspect of the Judgment would be resolved as follows:

1. The Commission would file a motion with the Court on or before February 7, 2020 (or as otherwise scheduled by the Court) providing its position and legal argument as

    to the specific amount of disgorgement and prejudgment interest that the Court should assess against O'Rourke.

2. O'Rourke would file his opposition to the Commission's motion by February 25, 2020 (or as otherwise scheduled by the Court).

3. The Commission would file a reply brief on or before March 6, 2020 (or as otherwise scheduled by the Court).

4. In support of their respective pleadings and for the Court's consideration, the parties, if they choose to do so, may submit affidavits, declarations or other documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

5. In connection with resolving the amount of disgorgement and prejudgment interest, O'Rourke is precluded from arguing that he did not violate the federal securities laws as alleged in the complaint, and solely for the purposes of the motions, the allegations of the complaint shall be accepted as and deemed true by the Court.  *See* Consent ¶7; Judgment, ¶V.

WHEREFORE, the parties respectfully request that the Court enter the attached proposed Judgment as to Defendant O'Rourke and adopt the parties proposed briefing schedule to resolve the outstanding issue of the amount of disgorgement and prejudgement interest that should be included in the Judgment.

Dated:  January 16, 2020     Respectfully submitted,

/s/ Kathleen Burdette Shields

Sandeep Satwalekar
Eric A. Forni (admitted pro hac vice)
Kathleen Burdette Shields (admitted pro hac vice)
U.S. Securities and Exchange Commission
33 Arch St., 24th Floor
Boston, MA  02110
(617) 573-8827 (Forni)
(617) 573-8904 (Shields)
ForniE@sec.gov; shieldska@sec.gov

Counsel for Securities and Exchange Commission


/s/ Roland G. Riopelle
Roland G. Riopelle, Esq.
Sercarz & Riopelle, LLP
810 Seventh Ave., Suite 620
New York, NY  10019
(212) 586-4900
RRiopelle@sercarzandriopelle.com

Counsel for Garrett M. O'Rourke


**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2020, a true and correct copy of the foregoing document was filed through the Court's CM/ECF system, and accordingly, the document will be sent electronically to all participants registered to receive electronic notice in this case.  A copy will also be sent via first class mail and/or email to those parties who have not yet registered for notice via the Court's CM/ECF system.

/s/ Kathleen Burdette Shields
Kathleen Burdette Shields